UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: GILBERTO P. DAVIS           :       CHAPTER 13
      CATHY J. DAVIS                              :
          DEBTORS                 :       BANKRUPTCY NO. 15-13718 sr

## DEBTORS' CHAPTER 13 PLAN

1. If the instant estate were liquidated under chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid 100%.

2. Under this plan the allowed unsecured claimants will receive not less than that amount.

3. The Debtors will submit to the supervision and control of the trustee the following sums:   During the 60 months of the plan: $508.67, monthly;

4. The various claims of the Debtors' creditors shall be classified as follows:

    a. Class one: Claims filed and allowed which are entitled to priority under 11 U.S.C. Section 507. The administrative expenses, including attorney's fees of $2,000.00, are the only priority claims contemplated by this plan. Any creditor entitled to priority under Section 507 of the bankruptcy Code contrary to the provisions of this plan shall be deemed to have agreed to waive any such priority, unless such entity objects to the plan.

    b. Class two: All allowed secured claims secured by a lien that is not avoidable by the Debtors under 11 U.S.C. Section 522.

    c. Class three: All other claims that are timely filed.

5. The payments received by the trustee from the Debtors pursuant to this plan shall be distributed as follows:

    a. Class one claims: The amount paid by the Debtors to the trustee shall be distributed first to the class one administrative claims, pro rata, until they are paid in full. Then any allowed priority claims shall be paid.

    b. Class two and class three claims: After the application of the appropriate amount each month to the class one claims, the entire amount of the monthly payment remaining in the

hands of the trustee shall be distributed, pro rata, to the holders of the class two claims until each such claimant shall receive 100% of the amount allowed on each claim. After the application of the appropriate amount each month to the class one and class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class three claims.

6. The current payments on any secured debt of the Debtors will be paid by the Debtors directly to that creditor and will not be paid under the plan.

7. To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. Section 506(a), that portion of the claim that is unsecured shall be provided for as a class three (unsecured) claims. To the extent the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once the allowed secured claim has been paid in full, either during or after the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in all appropriate records.

8. By failing to object to this plan, or any modification of thereof, all creditors holding claims agree not to make any effort to collect their claims from any co-signers that may exist, so long as the case remains pending.

9. Confirmation of this plan shall constitute a finding that the plan constitutes the Debtors' best effort under all the circumstances to pay the creditors, within the meaning of 11 U.S.C. Section 727(a)(9).

10. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. Section 1322 that there is cause for extending the plan for more than three years. Confirmation shall constitute approval of such extension and a finding of cause for and an allowance and approval of a 60 month plan. Without it, the plan would fail and no claims would be paid in full.

11. The title to the property of the estate shall revest in the Debtors upon the confirmation of this plan, and the Debtors shall have sole right to the use and possession thereof during the pendency of this case.

12. Any money or property acquired by either the trustee or the Debtors, or refunded from the trustee's percentage fees, while this case is pending, shall be deemed to be exempt property of the Debtors, if exemptable, and shall be forthwith delivered to the Debtors.

13. If, after filing of the petition, the Debtors defaults on any payment to a utility entitled to adequate assurance under 11 U.S.C. Section 366, then that debt shall, upon application of said utility, become a Class 1 claim under this plan. This priority shall be deemed adequate assurance of the utility's future payments.

14. Upon completion of this plan, all debts listed in the Debtors' Chapter 13 schedule, except those excepted by 11 U.S.C. Section 1328(a) shall be discharged.

15. If, prior to expiration of the period set forth in paragraph 3 of this plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.

16. If all court approved attorney's fees and expenses are not paid at the time of Discharge, those fees and expenses shall not be Discharged.


Dated: June 25, 2015

/s/ Gilberto P. Davis
Debtor

/s/ Cathy J. Davis
Debtor

Acceptances may be sent to:   Michael J. Bresnahan
Attorney for Debtors
310 North High Street
West Chester, PA 19380
(610)696-5400